# U.S. Court of Appeals for the Third Circuit

No. 25-2174

Adam Briggs; Paula Briggs; Sarah Briggs; Joshua Briggs,
Appellants

v.

Southwestern Energy Production Co,
a/k/a SWN Production Co., LLC

_____

Appeal from the U.S. District Court, M.D. Pa.
Judge Robert D. Mariani, No. 3:21-cv-00520

Before: Porter, Montgomery-Reeves, and Bove, *Circuit Judges*
Submitted Apr. 9, 2026; Decided Apr. 9, 2026

_____

Nonprecedential Opinion[*]

Bove, *Circuit Judge*.   Plaintiffs commenced litigation in 2015 to try to force Defendant to pay them for natural gas extracted from a well that is near, but not on, their land.   In the most recent round, the District Court granted summary judgment for Defendant.   We will affirm.

**I.**

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.   In 2008, Plaintiffs' mother leased oil and gas exploration rights on her land for a five-year period in exchange for $203,582.50.   In 2009, the lessee assigned the

[*] This disposition is not an opinion of the full Court and, under 3d Cir. I.O.P. 5.7, is not binding precedent.

lease to Defendant. Plaintiffs' mother executed a ratification of the lease in early 2013. Defendant then drilled a well on property adjacent to the parcel at issue in this case. In June 2013, prior to the expiration of the lease, Defendant completed fracking of the well. The well produced valuable natural gas beginning in July 2013. Plaintiffs' mother conveyed the relevant parcel to Plaintiffs upon her death in December 2013.

In 2015, Plaintiffs filed claims for trespass and conversion against Defendant in the Susquehanna County Court of Common Pleas. Following a trip to the Pennsylvania Supreme Court, Defendant prevailed at summary judgment. *See Briggs v. Sw. Energy Prod. Co.*, 2020 WL 7233111, at *4 (Pa. Super. Ct. 2020). Plaintiffs filed this action in Susquehanna County with claims and allegations that were, at minimum, very similar to the ones in their first case. Defendant removed the case to federal court, and the District Court granted Defendant's motion for summary judgment. Plaintiffs timely appealed.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo. *See Massey v. Borough of Bergenfield*, 169 F.4th 188, 193 (3d Cir. 2026).[1]

## III.

Plaintiffs alleged that Defendant injected proppants into their land during the fracking of the well on adjacent property in 2013, and that those proppants have remained

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, alterations, and subsequent history.

underneath their land ever since. Based on those allegations, Plaintiffs pressed claims for trespass and conversion. The District Court identified several evidentiary and legal problems with those claims. We will address only a few.

Plaintiffs' tort claims were doomed from the start because the lease—ratified by their mother during the year the fracking began—authorized the types of activities that Plaintiffs now argue constituted a continuing trespass and conversion. *See Kennedy v. Consol Energy Inc.*, 116 A.3d 626, 635-37 (Pa. Super. Ct. 2015). Plaintiffs' repudiation argument relating to the lease is based on a misreading of 2015 correspondence and is largely irrelevant because Plaintiffs did not sue for breach of contract. *See Harrison v. Cabot Oil & Gas Corp.*, 110 A.3d 178, 184-85 (Pa. 2015). Even if there was evidence of repudiation in 2015, it would not change the fact that the lease was operative when Defendant allegedly injected the proppants in 2013.

Finally, we emphasize that Plaintiffs only *alleged* the injection of proppants because we agree with the District Court that Plaintiffs failed to adduce sufficient evidence to survive summary judgment on that pivotal issue. Plaintiffs' "preliminary" expert report based on a hypothesis relating to the horizontal distance likely covered by the well did not bridge that gap. A305. Accordingly, we will affirm.